IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY BOSTIC | ) | CASE NO. |
| 6644 List Street, N.W. | ) | |
| Canton, Ohio 44705 | ) | JUDGE |
| | ) | |
| and | ) | |
| | ) | |
| CRISTY BOSTIC | ) | |
| 6644 List Street, N.W. | ) | |
| Canton, Ohio 44705 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **COMPLAINT** |
| c/o Eric Holder, Attorney General | ) | |
| U.S. Department of Justice | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530-0001 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| c/o David Sierleja | ) | |
| United States Attorney | ) | |
| 801 Superior Avenue, #400 | ) | |
| Cleveland, Ohio 44113 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now come plaintiffs, by and through their attorney, and for their Complaint state as follows:

## PARTIES

1. Plaintiffs are citizens and residents of the State of Ohio.

2. Defendant The United States of America, through its agency, the Department of

Veterans Affairs, operates the Louis Stokes Cleveland VA Medical Center headquartered in

Cleveland, Ohio.

## JURISDICTION AND VENUE

3. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and plaintiffs have complied with all administrative prerequisites to the institution of suit.

4. This Court has jurisdiction of the instant action pursuant to 28 U.S.C. § 1331, in that this case arises under the Federal Tort Claims Act, and pursuant to 28 U.S.C. § 1346, in that this Court has original jurisdiction over all claims against the United States of America and the various agencies thereof, including the Department of Veterans Affairs and the medical facilities it operates.

5. Venue is proper in the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 1402(b) and the local rules of this Court, in that the plaintiffs both currently reside in this District and Division, and the acts or omissions complained of occurred in this District and Division.

## CLAIM FOR RELIEF OF LARRY BOSTIC – MEDICAL NEGLIGENCE

6. Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

7. At all times relevant hereto, Plaintiff Larry Bostic was a patient of and under the care and treatment of medical providers acting on behalf of, and within the course and scope of their employment by, defendant United States of America at and through the Louis Stokes Cleveland VA Medical Center and its outpatient facilities.

8. On August 12, 2015, Mr. Bostic underwent a right L2-L5 diagnostic medial branch block at the Affinity Medical Center Pain Management Department, a non-VA facility.

9. Two days later on August 14, 2015, Mr. Bostic contacted the Cleveland VA Medical Center relating that he had developed a fever of 102.9 degrees following the procedure performed

at Affinity Medical Center. Thereafter, on the afternoon of August 14, 2015, Mr. Bostic was seen at Affinity Medical Center's emergency room reporting a fever of 107 degrees. While at Affinity Medical Center, Mr. Bostic underwent a work up including a lumbar puncture, and was discharged home at approximately 9:20 p.m. on August 14, 2015.

10. On August 18, 2015, Mr. Bostic was seen at a Cleveland VA Medical Center outpatient clinic as a follow up to his emergency room visit at Affinity Medical Center. While there, Mr. Bostic reported severe pain on a scale of 9 out of 10 under his left shoulder blade two thirds of the way down his back toward his thoracic spine. He further reported that this pain was significantly worse then it was when he went to the emergency room four (4) days earlier on August 14, 2015. Following an assessment, Mr. Bostic was discharged home by Nurse Practitioner Pauline Ochsendorf later that day on August 18, 2015.

11. The following day, on August 19, 2015, Mr. Bostic left a voice mail with the Cleveland VA Medical Center requesting his x-ray results and indicating that he continued to be in severe pain. Thereafter, at approximately 12:56 p.m., Nurse Practitioner Ochsendorf indicated that there were no changes on the x-rays and recommended that Mr. Bostic go to the emergency room for further evaluation if necessary.

12. Later that day, at approximately 1454 on August 19, 2015, Mr. Bostic presented to the Cleveland VA Medical Center. His complaints included left shoulder blade pain on a scale of 8 out of 10. He was further found to still have a fever of 101 degrees. The pertinent assessment at that point was concluded to be upper back and left shoulder blade pain by Thomas Rudy, RN.

13. On August 19, 2015 at 1605, an assessment was performed at the Cleveland

VA Medical Center main campus by Neetika Srivastava, M.D. Dr. Srivastava included in her history that Mr. Bostic had a fever for one week since the time of his procedure on August 12, 2015 and that he continued to report worsening of his back and shoulder back. Vital signs were taken which included a fever of 100.1 degrees. Dr. Srivastava was concerned about the presence of infection and ordered a lumbar MRI to check for infection. The chart reflects that Keith Armitage, M.D. indicated that he agreed with the assessment and plan. On August 19, 2015, at 2054, a lumbar MRI was performed which did not reveal any infection. Mr. Bostic was seen by Michael Epsen, M.D. and a decision was made to admit Mr. Bostic to the medical service at the Cleveland VA Medical Center with further consultation in the morning, with antibiotic therapy to be started on the floor.

14.   On August 20, 2015, the early morning hours, Mr. Bostic was again seen and evaluated. He continued to have a fever of 100.1 degrees and a recommendation was made that Mr. Bostic be transferred to University Hospitals for further neurological work up.

15.   Later that evening, at 2150, a consultation was made with Dr. Gordan at University Hospitals, who indicated that the lumbar MRI revealed concern for lumbar infection, with no need to transfer Mr. Bostic to University Hospitals at that time.

16.   On August 21, 2015, an MRI of Mr. Bostic's thoracic spine was performed for the first time since he began having this symptomatology nine days earlier on August 12, 2015. The thoracic spine MRI revealed a thoracic epidural mass with compression on the spinal cord visible starting at the T2-3 level. Thereafter, the physicians at the Cleveland VA Medical Center informed Mr. Bostic that he required immediate transfer to University Hospitals for further emergent care of this condition. Mr. Bostic was discharged from the Veterans Administration Medical Center on

August 21, 2015 at 1754.

17. On August 21, 2015 at 1833, Mr. Bostic arrived at University Hospitals Case Medical Center where MRIs of the thoracic and lumbar spine were repeated, which revealed the likely presence of an epidural fluid/abscess collection in the thoracic spine at the level of T2-3.

18. On August 23, 2015, Mr. Bostic was taken for surgery for a posterior thoracic decompression with laminectomy at T2, T3, T4, partial T1, and partial T5 laminectomy with evacuation of epidural abscess. Unfortunately, because this condition had progressed significantly in the last four days, Mr. Bostic is left with severe and permanent injuries as a result of his condition.

19. Defendant The United States of America owed a duty to Mr. Bostic to provide him with competent, safe and acceptable medical care and treatment, and to do so in accordance with the applicable standard of care governing the provision of said treatment and care.

20. Between August 17, 2015 and August 22, 2015 the physicians and staff at the Cleveland VA Medical Center and its outpatient facilities breached their duty of care owed to Mr. Bostic by failing to obtain an earlier thoracic MRI despite the presence of clear indications for a spinal infection including fever and pain in the area.

21. As a result of these multiple breaches of the standard of care, Mr. Bostic has permanent and severe neurological compromise which renders him unable to ambulate and live his life in a normal state.

22. As a direct and proximate result of the aforementioned negligence and breach of the applicable standard of care on the part of the United States of America and its employees and/or agents, Larry Bostic sustained and will continue to suffer from serious and permanent injuries, both

5

physical and mental, as well as pain, suffering, and loss of enjoyment of life, and has incurred and will continue to incur significant expenses in respect to hospitalization, therapy, home health treatment, clinical treatment, disability accommodations and attendant care, in addition to a permanent and complete impairment of earning capacity, all to his personal and economic detriment.

23. Solely for purposes of complying with Ohio Civil Procedure Rule 10(D) to the extent it may pertain to actions brought in Federal court, and without admitting that the Rules of Civil Procedure of the State of Ohio govern any aspect of this action, plaintiffs hereby attach the Affidavit of Merit of Steven Simons, M.D. as Exhibit A.

WHEREFORE, plaintiff Larry Bostic prays for judgment against the United States of America in a sum consistent with plaintiff's submitted Claim for Damage, Injury or Death. See Claim for Damage, Injury or Death (filed herewith as Exhibit B) at ¶ 12d.

## **CLAIM FOR RELIEF CRISTY BOSTIC - LOSS OF CONSORTIUM**

24. The Plaintiff, Cristy Bostic, incorporates all the facts, statements, and allegations contained in the Claim for Relief of Larry Bostic as though expressly rewritten and restated herein as part of her Claim for Relief.

25. Plaintiff Cristy Bostic is and was at all times pertinent herein the wife of plaintiff.

26. As a proximate result of the negligence of Defendant, by and through its agents and/or employees, Mrs. Bostic has lost the society, comfort, and services of her husband.

27. As a proximate result of the negligence of Defendant, by and through its agents and/or employees, Mrs. Bostic has incurred and will incur expenses related to the care and treatment of her husband into the indefinite future.

WHEREFORE, Plaintiff Cristy Bostic prays for judgment against the United States of America in a sum consistent with plaintiff's submitted Claim for Damage, Injury or Death. <u>See</u> Claim for Damage, Injury or Death (filed herewith as Exhibit C) at ¶ 12d.

          Respectfully submitted,

          <u>/s/ *Jonathan D. Mester*</u>
          Jonathan D. Mester, Esq. (0069865)
          NURENBERG, PARIS, HELLER
          & MCCARTHY CO., LPA
          600 Superior Ave., E., Ste. 1200
          Cleveland, Ohio 44114
          (216)621-2300
          (216)771-2242 fax
          jmester@nphm.com
          Attorney for Plaintiffs